CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 19 2007

JOHN F. CORCORAN, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BERNARD RAY RICHARDSON,<br>Petitioner, | )<br>)  Civil Action No. 7:06-cv-00359<br>) |
| v. | )  **MEMORANDUM OPINION**<br>) |
| JEFFREY N. DILLMAN, WARDEN,<br>Respondent. | )  By: Hon. James C. Turk<br>)  Senior United States District Judge |

Petitioner Bernard Ray Richardson, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. In his petition, Richardson challenges the validity of his confinement under the April 16, 2004, judgment of the Circuit Court of Albemarle County, convicting him of three counts of statutory burglary and one count of petit larceny; the court sentenced him to a term of six years and six months on these convictions. The respondent filed a motion to dismiss, and petitioner responded, making the matter ripe for the court's consideration. Upon review of the record, the court concludes that the motion to dismiss must be granted.

I.

Richardson was arrested on May 7, 2003, on charges of grand larceny, receiving stolen property, and three counts of statutory burglary. He pled not guilty to all charges and proceeded to a jury trial on January 6, 2004. On that date, he was convicted and sentenced on all charges except the charge of receiving stolen property, which was dismissed by the court. Richardson appealed. The Court of Appeals of Virginia denied relief on April 14, 2005. (Record No. 1991-04-2). Richardson's subsequent appeal to the Supreme Court of Virginia was denied on August 17, 2005, and his petition for rehearing was denied on January 24, 2006. (Record No. 051013).

Richardson filed his first state habeas petition in the Supreme Court of Virginia on September 10, 2004, while his direct appeal was still pending. In this petition, he raised claims concerning his Albemarle County convictions and other related convictions from the City of Charlottesville. The Supreme Court of Virginia dismissed the petition without prejudice on November 16, 2004, and

1

directed Richardson to file two separate petitions, one for the Albemarle convictions and one for the Charlottesville convictions. (Record No. 041669). Richardson filed a second state habeas petition in the Supreme Court of Virginia concerning the Albemarle convictions, which was dismissed without prejudice as premature on May 27, 2005, because the direct appeal was still pending. (Record No. 042755). Richardson filed a third state habeas petition in the Supreme Court of Virginia on October 14, 2005, alleging among other claims that counsel was ineffective in failing to move for dismissal of all charges on speedy trial grounds and that counsel was ineffective in allowing a charge of receiving stolen property to be given to the jury despite its having been dismissed. (Record No. 052135). The Supreme Court of Virginia denied this petition on April 19, 2005, finding some claims to be barred under Va. Code Ann. § 8.01-654(B)(2), because they were not raised in Richardson's first habeas petition, and finding other claims to be without merit.

In his federal petition, Richardson alleges the following grounds for relief:

1. Counsel was ineffective for failing to move for dismissal of the charges based on speedy trial violations.

2. Counsel was ineffective (a) for agreeing to continuances over petitioner's objections and (b) for refusing to object when the jurors during deliberations were allowed to consider evidence related to a charge of receiving stolen property that had been dismissed.

## II.

With respect to any claim that the Supreme Court of Virginia adjudicated on the merits, this court may not grant relief unless the state court's finding

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In addition, 28 U.S.C. § 2254(e)(1) requires a federal habeas court to presume that the state court's determination of a factual issue is correct unless the petitioner offers "clear and convincing evidence" rebutting that determination. Upon review of the record, court concludes that the motion to dismiss must be granted.

A.

2

Richardson phrases all of his claims as challenging the Supreme Court of Virginia's dismissal of his third state habeas petition. He asks this court to "take full jurisdiction of writ of habeas corpus Record No. 052135 and make a ruling on all of the claims [as] 'meritorious.'" Lower federal courts do not have jurisdiction to review the judgments of state courts on appeal, which is essentially what Richardson is requesting. Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997). Jurisdiction for federal "appellate" review of superior state court judgments lies exclusively with the United States Supreme Court through a petition for a writ of certiorari. Id.; 28 U.S.C. § 1257. This court does have jurisdiction to address habeas corpus claims arising from state criminal proceedings and appeals, pursuant to § 2254. Id. Errors in state habeas proceedings alone, however, cannot provide grounds for federal habeas relief under § 2254. See Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988). Thus, Richardson has no ground for relief here based merely on the actions of the Supreme Court of Virginia in the state habeas proceedings.

## B.

Because Richardson is proceeding without counsel in his habeas case, the court will construe his claims as alleging constitutional infirmities during the state trial proceedings. Even so, the court cannot find that he is entitled to habeas relief.

Claim (1) alleges that counsel should have moved for dismissal of all charges because Richardson was denied his right to a speedy trial. When Richardson raised this claim in his third habeas petition, the Supreme Court of Virginia expressly held that according to the record, "including the trial transcripts and the continuance orders, . . . there was no speedy trial violation" in Richardson's Albemarle County criminal proceedings. Based on this finding, the Supreme Court of Virginia dismissed the claim under Strickland, finding no deficient performance or resulting prejudice. Richardson asks this court to reevaluate whether or not he had a valid speedy trial claim under Virginia law and find counsel ineffective. This federal court cannot, however, second guess the state court's determination on a matter of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). As the court is bound by the Supreme Court of Virginia's finding that no speedy trial

3

violation occurred under state law,[1] the court also cannot find that the state court's ruling was contrary to, or an unreasonable application of, Strickland. Counsel's failure to make a motion that had no basis in law was neither deficient performance nor prejudicial. Therefore, the court will grant the motion to dismiss as to Claim (1).

In Claim (2), Richardson complains that the Supreme Court of Virginia dismissed several of his claims under Va. Code Ann. § 8.01-654(B)(2), because Richardson did not raise these claims in one or both of his earlier habeas petitions. Generally, if the state court expressly relied on an independent and adequate state procedural ground in dismissing petitioner's claim, a federal habeas court is also barred from review of the claim on the merits, absent a showing of cause and prejudice or actual innocence. See Harris v. Reed, 489 U.S. 255, 262 (1989). Similarly, if petitioner never presented a claim to the Supreme Court of Virginia, but that state court would now bar review of the claim under an independent and adequate state law ground, federal habeas review is barred. Teague v. Lane, 489 U.S. 288, 297-98 (1989); Bassette v. Thompson, 915 F.2d 932, 936-37 (4th Cir. 1990). The Fourth Circuit has recognized the successive petition rule in § 8.01-654(B)(2) as an adequate and independent state law ground barring federal habeas review. See, Pope v. Netherland, 113 F.3d 1364, 1372 (4th Cir. 1997); Gray v. Netherland, 99 F.3d 158, 163 (4th Cir. 1996).

In Claim (2)(a), Richardson makes another speedy trial claim, alleging that counsel should not have agreed to continuances over his client's objections. Richardson refutes the Supreme Court of Virginia's dismissal of this claim as procedurally barred under § 8.01-654(B)(2), alleging that he did raise the claim earlier. The court need not resolve this procedural default dispute, however, as the claim is clearly without merit. Like he did in Claim (1), Richardson is essentially asking this court to second guess the Supreme Court of Virginia's determination that no speedy trial violation occurred. He alleges no other possible prejudice arising from the continuances, and the court finds

---

[1] To the extent that Richardson alleges that counsel should have moved to dismiss his charges because he had been denied his constitutional right to a speedy trial, his claim fails because the delay between arrest and trial was less than one year. See Doggett v. United States, 505 U.S. 647, 652 n. 1 (1992) (noting that unless post-accusation delay approaches at least one year, courts generally will not find violation of constitutional right to speedy trial).

4

none. Therefore, he states no claim under Strickland, and the motion to dismiss must be granted as to Claim (2)(a).

In Claim (2)(b), Richardson complains that counsel let evidence related to the dismissed charge go to the jury, with adverse effects on jurors' deliberations as to the remaining charges; he also asserts that the claim is not procedurally defaulted because he raised it in his first habeas petition. Review of the state court habeas records reveals that Richardson did raise this evidence claim in his first habeas petition. This act did not constitute proper exhaustion of the claim, however, because that first state petition was dismissed without prejudice, leaving Richardson free to refile the claim in a later state habeas petition. See § 2254(b) (requiring exhaustion of available state court remedies). In the third state habeas petition, the only state petition that was not dismissed without prejudice, Richardson raised a similar, but substantively different claim: that counsel maliciously allowed the Commonwealth to prosecute petitioner on a charge of receiving stolen property and allowed the charge to be given to the jury despite its having been dismissed. Because he did not give the Supreme Court of Virginia a proper opportunity to address the evidence claim on the merits by presenting it in the third state habeas petition, this claim is not exhausted. Because it would be defaulted under § 8.01-654(B)(2) if he raised it now to the Supreme Court of Virginia, it is also procedurally defaulted for federal habeas purposes.[2] Richardson does not show cause for failing to raise the evidence claim in his third state habeas petition and does not otherwise circumvent his procedural default. Therefore, the motion to dismiss must be granted as to Claim (2)(b). An appropriate order shall be issued this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.

---

[2] In any event, this claim is without merit under Strickland. Richardson fails to demonstrate any reasonable likelihood that the outcome as to the remaining charges would have been different if the evidence in question had not been presented to jurors.

§ 2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal, petitioner must file a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 19th day of January, 2007.

Senior United States District Judge